**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| THEHUFFINGTONPOST.COM, INC., <br> 770 Broadway <br> New York, NY 10003 <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. IMMIGRATION AND <br> CUSTOMS ENFORCEMENT, <br> 500 Twelfth Street SW <br> Washington, DC 20536 <br><br> *Defendant*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 18-cv-2253 |

**COMPLAINT**

1. Plaintiff TheHuffingtonPost.com Inc. ("HuffPost") brings this action against U.S. Immigration and Customs Enforcement ("ICE") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2. HuffPost seeks recent ICE data that would show how the agency's enforcement actions have changed over time—a subject of particular public interest due to the increased focus on immigration enforcement under President Donald Trump's administration. The Trump administration ended a prior policy of de-prioritizing certain cases for arrest and/or removal that allowed some people living in the United States without legal status to remain. Ending the policy led to numerous anecdotal reports of people who had lived in the United States for years, or even decades, being arrested by ICE. The requested information would allow the public a greater understanding of whether the population of those arrested has changed significantly under the

1

president's policies and if so, how much. Because immigration is an important issue for American voters—who need to know what policies and practices are at stake and whether candidates support them—it is vital to obtain this information to ensure an informed electorate.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

4. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

5. Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Plaintiff is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

6. Plaintiff HuffPost is a global, premier media platform: a Pulitzer Prize-winning source of news, commentary, entertainment, features, and lifestyle content. HuffPost is incorporated under the laws of the State of Delaware and headquartered in New York, New York.

7. Defendant ICE is a component of the U.S. Department of Homeland Security ("DHS") and is headquartered in Washington, DC. DHS is a department of the executive branch of the U.S. government and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). ICE has possession, custody, and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

8. On May 4, 2018, HuffPost submitted a FOIA request to ICE seeking expedited processing of the following records for all individuals arrested by ICE for two time periods— (1) July 1, 2016, to December 31, 2016, and (2) July 1, 2017, to December 31, 2017:

   a. Documents showing the date of arrest, how long individuals had resided in the United States prior to that date. (For example: One year, two months, or from December 1, 1995 to the present, etc.)

   b. Documents showing whether individuals were previously deported, and if so their, prior removal dates and reentry dates.

   c. Documents showing the date of individuals' final order of removal(s), if applicable.

   d. Documents showing whether individuals had a canceled order of removal and, if so, the date of the cancellation.

   e. Documents showing individuals' criminal record history, including convictions, the crime that [led] to the conviction, and the date of the conviction, if applicable.

   f. Documents showing arrest dates of individuals and subsequent deportation dates, if applicable. If that individual has not been deported yet, please provide documents showing that.

9. HuffPost sought expedition of the request because as a media outlet it wanted to publish recent numbers to keep its readers the most up-to-date.

10. ICE assigned the request tracking number 2018-ICFO-34302.

11. On or about May 8, 2018, ICE acknowledged HuffPost's FOIA request and denied the request for expedited processing.

12. On the morning of May 11, 2018, ICE emailed HuffPost seeking "further clarification" regarding the request. Specifically, ICE requested that HuffPost "provide an area of responsibility so [ICE] can begin searching for records related to [the] request."

13. In the afternoon of May 11, 2018, HuffPost responded to ICE's inquiry. HuffPost restated the two relevant time periods of the request and asked ICE to provide:

Data and/or database records documenting the following information for each person arrested by ICE:

    a. Date of arrest.

    b. City, town or county in which the arrest took place.

    c. How long the arrestee had resided in the United States prior to the date of arrest.

    d. Number of times the individual had been removed from the United States in the past, if applicable.

    e. Date in which the arrestee had been issued a stay of removal, if applicable.
        i. Date of cancellation of stay of removal, if applicable.

    f. Date of final order of removal, if applicable.

    g. All criminal convictions for each arrestee, if applicable, including date and place of conviction.

    h. Date of removal of arrestee following their arrest within these two time periods, if applicable.

14. Moreover, HuffPost requested that ICE provide all of the requested statistical information in a format that groups all of the information for each individual arrestee.

15. Specifically, HuffPost stated that the goal of this FOIA request is to understand each individual case more clearly, to the extent possible under Privacy Act restrictions.

16. HuffPost further stated in its May 11 correspondence that ICE generates annual end-of-year statistics detailing much of the requested information, making clear that this basic statistical data is easily retrievable and housed within the records of ICE's Enforcement and Removal Operations division. If this information is not readily available by querying existing

4

ICE ERO database(s), HuffPost requested that all of the underlying records containing this information—including arrest records, orders for stays of removal, etc.—be produced so that it could compile the information itself.

17. HuffPost also reiterated its request for expedited processing in its May 11 correspondence.

18. ICE did not respond within the time period required by law, and, on July 18, 2018, HuffPost appealed the effective denial of its FOIA request. In the same correspondence, HuffPost also appealed ICE's denial of its request for expedited processing. Specifically, HuffPost noted that the subject of its request concerns a matter of public interest and will likely contain information of urgent interest to American voters ahead of the November 2018 mid-term elections.

19. ICE assigned the appeal tracking number 2018-ICAP-00385.

20. On or about August 9, 2018, ICE responded to HuffPost's appeal. Specifically, ICE determined that, upon a complete review of the administrative record, "new search(s) or, modifications to the existing search(s), could be made." ICE remanded the request to the ICE FOIA Office for processing and re-tasking to the appropriate agency/office(s) to obtain any responsive documents.

21. ICE did not address the question of expedited processing in its response to HuffPost's appeal.

22. HuffPost has received no further correspondence from ICE.

*Exhaustion of Administrative Remedies*

23. As of the date of this Complaint, Defendant has failed to (a) notify Plaintiff of any determination regarding the request, including the scope of any responsive records Defendant

intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

24. ICE wrongfully denied Plaintiff's request for expedition and did not address the question of expedition in responding to HuffPost's appeal. Consequently Plaintiff has exhausted its administrative remedies as to that issue and seeks immediate judicial review

25. Through Defendant's failure to respond to Plaintiff's FOIA request within the time period required by law, Plaintiff has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Denial of Expedited Processing

26. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

27. Plaintiff properly requested records within the possession, custody, and control of Defendant on an expedited basis.

28. Defendant is a component of a federal agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and DHS regulations.

29. The records sought relate to an activity of the federal government about which there is an urgent need to inform the public, and Plaintiff is primarily engaged in disseminating information to the public; therefore, the FOIA request justified expedited processing under FOIA and DHS regulations.

30. Defendant wrongfully denied expedited processing.

31. Defendant's failure to grant expedited processing violated FOIA and DHS regulations.

32.     Plaintiff is therefore entitled to declaratory and injunctive relief requiring ICE to grant expedited processing.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Records

33.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

34.     Plaintiff properly requested records within the possession, custody, and control of the Defendant.

35.     Defendant is a component of a federal agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

36.     Defendant has failed to promptly review agency records for the purpose of locating those records which are responsive to Plaintiff's request.

37.     Defendant's failure to conduct adequate searches for responsive records violates FOIA.

38.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA request.

## COUNT III
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

39.     Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

40.     Plaintiff properly requested records within the possession, custody, and control of the Defendant.

41. Defendant is a component of a federal agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

42. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA request.

43. Defendant is wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to Plaintiff's FOIA request.

44. Defendant's failure to provide all non-exempt responsive records violates FOIA.

45. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests the Court to:

(1) Order Defendant to expedite the processing of Plaintiff's FOIA request identified in this Complaint;

(2) Order Defendant to conduct searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA request identified in this Complaint;

(3) Order Defendant to produce, within twenty days of the Court's order, by such other date as the Court deems appropriate, any and all non-exempt records responsive to Plaintiff's FOIA request and indexes justifying the withholding of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

(5) Award Plaintiff attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: September 28, 2018

Respectfully submitted,

*/s/ Cerissa Cafasso*
Cerissa Cafasso
D.C. Bar No. 1011003

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 869-5244
cerissa.cafasso@americanoversight.org
john.bies@americanoversight.org

*Counsel for Plaintiff*